**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C.,<br><br>       Plaintiff,<br><br>   v.<br><br>TWITTER, INC.,<br><br>       Defendant. | C.A. No. 1:20-cv-00621-LPS<br><br>**JURY TRIAL DEMANDED** |
| B.E. TECHNOLOGY, L.L.C.,<br><br>       Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>       Defendant. | C.A. No. 1:20-cv-00622-LPS<br><br>**JURY TRIAL DEMANDED** |

## <u>REVISED PATENT FORM SCHEDULING ORDER</u>

**Preliminary Statement**

       Having met and conferred, the parties jointly propose the case schedule, discovery limits, and other procedures for managing this case in accordance with the Court's established scheduling order.

       Alternatively, over Plaintiff's objection, Defendants propose expedited proceedings with respect to the issue of patent ineligibility, during which all other deadlines would be stayed. The parties' positions with respect to Defendants' alternative to a case schedule is provided on pp. 17-

22, herein.

**Parties' Joint Proposed Scheduling Order**

This day of _____, 2021, the Court having conducted a Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.      The above-named cases are consolidated for purposes of pre-trial proceedings, including claim construction.  Unless otherwise noted, the deadlines ordered below apply in both cases.

2.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is incorporated herein by reference).

3.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 19, 2021, except with respect to allegations of willfulness or inequitable conduct, for which the parties have until February 25, 2022, to amend their pleadings for good cause shown.

4.      Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within thirty (30) days from the date of this Order.

Should counsel be unable to reach an agreement on a proposed form of order, counsel must

follow the provisions of Paragraph 8(g) below.

 Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and
> limiting the disclosure of information in this case,
> the Court does not intend to preclude another court
> from finding that information may be relevant and
> subject to disclosure in another case. Any person
> or party subject to this order who becomes subject
> to a motion to disclose another party's information
> designated "confidential" [the parties should list
> any other level of designation, such as "highly
> confidential," which may be provided for in the
> protective order] pursuant to this order shall
> promptly notify that party of the motion so that the
> party may have an opportunity to appear and be
> heard on whether that information should be
> disclosed.

5. Papers Filed Under Seal.  In accordance with section G of the Administrative Procedures

Governing Filing and Service by Electronic Means, a redacted version of any sealed document

shall be filed electronically within seven (7) days of the filing of the sealed document.

 Should any party intend to request to seal or redact all or any portion of a transcript of a

court proceeding (including a teleconference), such party should expressly note that intent at the

start of the court proceeding.  Should the party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion

for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted

so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of

the proposed redacted/sealed transcript.  With their request, the party seeking redactions must

demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

6.     Courtesy Copies.  Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.     ADR Process.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8.     Disclosures. Absent agreement among the parties, and approval of the Court:

    a.    By March 26, 2021, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

    b.    By May 14, 2021, Defendants shall produce core technical documents related to the accused product(s), service(s) or method(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales or revenue figures for the accused product(s), service(s) or method(s).

    c.    By June 14, 2021, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    d.    By July 29, 2021, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

e.  Within <u>4 weeks</u> of the Court's claim construction ruling, Plaintiff shall provide final infringement contentions.

f.  Within <u>7 weeks</u> of the Court's claim construction ruling, Defendants shall provide final invalidity contentions.

9.  <u>Discovery.</u>  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.  <u>Discovery Cut Off.</u>  All <u>fact</u> discovery in this case shall be initiated so that it will be completed on or before <u>April 13, 2022</u>.

b.  <u>Document Production.</u>  Document production shall be substantially complete by <u>December 1, 2021</u>.

c.  <u>Requests for Admission.</u>  A maximum of 25 requests for admission are permitted for each party against each opposing party

d.  <u>Interrogatories.</u>

   i.  A maximum of <u>25</u> interrogatories, including contention interrogatories, are permitted for each side.  No less than 15 of the 25 interrogatories for each side shall be common interrogatories.

   ii.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides—*i.e.*, the more detail a party provides, the more detail a party shall receive.

e.    <u>Depositions.</u>

        i.    <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of <u>70</u> hours of taking testimony by deposition upon oral examination for fact witnesses, of which a total of <u>14</u> of those hours may be for Rule 30(b)(6) deposition testimony.  Each individual deposition shall count for at least 5 hours, and there shall be a presumptive time limit of 7 hours per 30(b)(1) deposition, with the exception of the named inventor of the asserted patents, who may be deposed for up to 12 hours.

The parties shall coordinate with respect to depositions of all witnesses and third parties.  For depositions, Defendants shall be responsible for allocating deposition time between and among themselves.

With respect to expert depositions, there shall be a presumption that an expert who provided an opening or responsive expert report can be deposed for at least 7 hours as to each opening or responsive report.  Following receipt of expert reports, the parties shall coordinate to agree on a maximum number of hours for each deposition taking into account: 1) the number of reports submitted by an expert; 2) the length of an expert's report(s); and 3) the number of unique issues discussed in the report.

        ii.    <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party

plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

If necessary, the parties shall coordinate regarding remote depositions as necessary to protect the health of witnesses, counsel, and other attendees.

f.    Disclosure of Expert Testimony.

    i.    Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before May 5, 2022.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 20, 2022.  Reply expert reports from the party with the initial burden of proof are due on or before July 18, 2022. No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Such depositions shall conclude no later than three weeks after the deadline for reply expert reports.

    ii.    Expert Report Supplementation.  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions) but that those declarations will be limited in scope to the opinions timely disclosed in the parties' expert reports.

    iii.    Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal

Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g.     <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

<u>i.</u>     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

<u>ii.</u>     Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):_____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.　On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.　Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v.　Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

10.　Motions to Amend.

a.　Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

11.     Motions to Strike.

a.      Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

12.     Tutorial Describing the Technology and Matters in Issue.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes.  The tutorial should focus on the technology in issue and should not be used for argument.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial.  Any such

comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

13.     Claim Construction Issue Identification.  On August 12, 2021, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on August 26, 2021.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

14.     Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on September 16, 2021. The Defendants shall serve, but not file, their consolidated answering brief, not to exceed 7,500 words for arguments common to all Defendants, with an additional 1,750 words per Defendant to argue any separate, non-common proposed constructions, on October 12, 2021. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words plus 1,750 words for each Defendant that made separate arguments, on November 1, 2021. [In the event Defendants withdraw claim construction disputes after receiving Plaintiff's opening brief without addressing such disputes in their answering brief, the parties will confer regarding whether additional words should be afforded Plaintiff as part of its reply brief. **Plaintiff's Position:** this provision

reasonably protects Plaintiff from having to brief a large number of claim construction disputes that Defendants ultimately elect not to address in their answering brief;

**Defendants' Position:** this additional provision is neither necessary nor bilateral and should be rejected.]  The Defendants shall serve, but not file, their consolidated sur-reply brief, not to exceed 2,500 words for arguments common to all Defendants, with an additional 750 words per Defendant in support of any separate, non-common proposed constructions, on November 19, 2021.  No later than November 23, 2021 the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]

1. Plaintiff's Opening Position

2. Defendants' Answering Position

3. Plaintiff's Reply Position

4. Defendants' Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position

2. Defendants' Answering Position

3. Plaintiff's Reply Position

4. Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

15.     Hearing on Claim Construction.  Beginning at _____.m. on December 2021, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

16.     Interim Status Report.  On January 13, 2022, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

17.     Supplementation.  Absent agreement among the parties, and approval of the Court, no later than 4 weeks after the Court's claim construction ruling, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

18.     Case Dispositive Motions.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before August 15, 2022. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

        a.       <u>No early motions without leave.</u> No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

        b.       <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs and 25 pages for all reply briefs for each *SIDE*.[1]

        c.       <u>Hearing.</u>  The Court will hear argument on all pending case dispositive and Daubert motions on <u>November          , 2022</u>.  Subject to further order of the Court, each party will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

19.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

20.     Pretrial Conference.  On February ____, 2023, the Court will hold a pretrial conference in Court with counsel for the first trial beginning at _____.m.  On March _____,2023, the Court will hold a pretrial conference in Court with counsel for the second trial beginning at _____.m.  A separate pretrial order will be filed for each action.  However, the parties shall coordinate with respect to issues that are common to each action such as the voir dire, jury instructions, etc.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before February __, 2023.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

       The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

       As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

       a.       a request for a specific number of ***hours*** for their trial presentations, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be $5 \frac{1}{2}$ to $6 \frac{1}{2}$ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

       b.       their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of consistency;

c.    <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

d.    <u>their position as to how to make motions for judgment as a matter of law,</u> whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

21.    <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each pre-trial order shall be limited to three (3) *in limine* requests per party to that pre-trial order, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

22.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three

(3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

23. <u>Trial.</u> Each matter is scheduled for a separate 5-day jury trial beginning at <u>9:30 a.m. on March    , 2023</u>, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. If neither matter has been resolved by the trial date, trial in the later-filed matter will trail by no less than one month. The trial(s) will be timed, as counsel will be allocated a total number of hours in which to present their respective case.

24. <u>Judgment on Verdict and Post-Trial Status Report.</u> Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties to that trial shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties to that trial shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party to that trial intends to file.

25. <u>Post-Trial Motions.</u> Unless otherwise ordered by the Court, all parties to a trial are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that party, no matter how many such motions are filed.

**Defendants' Proposal for Proceedings Regarding Their Patent-Eligibility Defense**

<u>Defendants' Position</u>: Similar to the procedures stipulated to in *Location Based Services LLC v. Google LLC*, Case No. 1:18-cv-01587-LPS, D.I. No 54, Defendants jointly and respectfully request the Court to permit expedited expert discovery and summary judgment proceedings regarding patent-eligibility under 35 U.S.C. § 101 according to the

parameters and deadlines described below and to stay all other deadlines in the above-captioned actions for purposes of efficient case management (as well as in light of *inter partes* review petitions filed February 24, 2021).[2]

On February 8, 2021, the Court held that "claim 1 of the '410 patent is representative" for purposes of the patentable subject matter inquiry, and the "claims [of the patents-in-suit] are directed to the abstract idea [of] 'providing real-time targeted advertising based on keywords contained on web pages visited by a user.'"  *See* Feb. 8, 2020 Tr. at 49-50.  The Court further held that at *Alice* step 2, the proposed amended complaint and the declaration that it incorporated, which had to be taken as true for the purposes of the motion, created a "factual dispute as to whether what the claims capture is well understood, conventional, and routine as of the priority date of the patent."  In light of the Court's February 8, 2021 Order and in the interest of judicial economy, Defendants respectfully request an expedited proceeding narrowly tailored to resolving whether, once the requirement that everything pleaded by Plaintiff be taken as true no longer applies, there is any genuine factual dispute that, at *Alice* Step 2, representative claim 1 of the '410 patent does not disclose a sufficient inventive concept to render it patent eligible.  The Court and parties have already invested substantial time and resources narrowing the issues on Section 101, and narrowly tailored summary judgment proceedings on whether representative claim 1 of the '410 patent discloses a sufficient inventive concept to render it patent eligible at Step 2 have the potential to dispose of the case in its entirety.

---

[2] IPR2021-00482, IPR2021-00483, IPR2021-00484, IPR2021-00485 were provisionally filed on February 24, 2021 and encompass the three asserted patents.  Assignment of an official filing date is contingent on confirmation of fee payment, proper service, and compliance with all other requirements.  The deadline for institution decisions will be based on the official filing date.

i.    <u>Expedited Expert Discovery</u>

    a)    April 2, 2021: Defendants jointly serve one expert declaration limited to addressing whether representative claim 1 of the '410 patent discloses an inventive concept at *Alice* step 2, consistent with the February 8, 2021 Order;

    b)    April 23, 2021: Plaintiff serves one responsive expert declaration limited to addressing whether representative claim 1 of the '410 patent discloses an inventive concept at *Alice* step 2, consistent with the February 8, 2021 Order;

    c)    May 7, 2021: Defendants jointly serve one reply expert declaration limited to addressing whether representative claim 1 of the '410 patent discloses an inventive concept at *Alice* step 2, consistent with the February 8, 2021 Order; and

    d)    May 21, 2021: Parties complete expert depositions concerning the expert declarations.  Each deposition shall be limited to 7 hours on 1 day.

ii.    <u>Limited Summary Judgment Briefing</u>

    a)    June 4, 2021: Defendants' joint motion for summary judgment and opening brief addressing whether representative claim 1 of the '410 patent discloses an inventive concept at *Alice* step 2, consistent with the February 8, 2021 Order.  A 12-page limit shall apply to the opening brief;

    b)    June 25, 2021: Plaintiff's opposition brief.  A 12-page limit shall apply to the opposition brief; and

c)      July 14, 2021: Defendants' joint reply brief.  A 6-page limit shall apply to the reply brief.

No new or amended declarations may be filed or attached in support of the summary judgment briefing,

iii.      <u>Hearing</u>.  The Court to hold oral argument on Defendants' joint motion for summary judgment following the conclusion of briefing.

Defendants respectfully submit that expedited, focused Section 101 proceedings are appropriate in this case because of the unusual procedural posture.[3]  The Court has already resolved *Alice* Step 1, and Plaintiff has been permitted to amend its pleadings to include additional allegations directed to *Alice* Step 2 (including with the declaration of their expert). Targeted expert discovery will allow Defendants to test those allegations and demonstrate that there are no genuine factual disputes at Step 2, and limited summary judgment proceedings will allow the Court to resolve that question before substantial time, energy, and money is invested in litigating this case by the parties, and importantly, the Court.

Conversely, there is no prejudice from the limited Section 101 proceedings proposed by Defendants.  Plaintiff had ample opportunity to come forward with its Section 101 allegations but delayed until after the Court granted Defendants' motion to dismiss. Accordingly, Plaintiff cannot now be heard to claim that it is inefficient to let the parties and Court resolve the limited issue of Step 2 conventionality before the rest of the case proceeds. Instead, the parties and Court should finish what they have already started—resolving the threshold Section 101 issue—rather than begin full-scale discovery into issues such as

---

[3] Plaintiff complains about the lack of a fact discovery period, but does not suggest what factual discovery it would need to take from Defendants in order to show that its own alleged invention claims patentable subject matter, especially given the lengthy expert declaration it has already submitted on the issue.

(non)infringement, damages, etc. that may all be unnecessary if Plaintiff's new allegations regarding Step 2 are unable to withstand scrutiny under Rule 56.[4]  Moreover, Defendants recently filed IPR petitions challenging all claims of all asserted patents on multiple grounds and Defendants anticipate that they may seek to stay proceedings pending resolution of the IPRs.

Plaintiff's Position[5]: Defendants' request to stay all case deadlines, and to instead undertake a specially-crafted procedure for limited expert discovery followed by summary judgment proceedings solely concerning the highly-fact dependent question of unconventionality under Step 2 of the test for patent eligibility, is unwarranted and should be denied.  The Court *just* thoroughly analyzed *Alice* Step 2 a few weeks ago in connection with Plaintiff's motion for leave to amend its complaint, and found the proposed amendment was not futile precisely because questions of fact preclude judgment in Defendants' favor on the conventionality issue.  In reaching its conclusion, the Court relied not only on the well-pled allegations of the Amended Complaint, but also on evidence supporting those allegations, including an expert declaration and the Patents-in-Suit.

---

[4] Plaintiff suggests that Defendants should have put in their own expert declaration in opposition to the Zatkovich declaration as part of the motion for leave to file the amended complaint.  But it would not have been proper for the Court to determine whether evidence existed to support the pleadings at that stage of the case.  As Plaintiff argued in its own letter brief, the Court would need to accept its allegations as true, and "any ambiguity in the complaint, the Zatkovich Declaration and the Patents-in-Suit must be resolved in B.E.'s favor."  Ltr. Br. at 2.  The Court likewise acknowledged in its ruling that it had relied on the fact that conventionality was not "the only plausible conclusion" that could be drawn from the allegations of the PAC.  Hearing Tr. at 54.  Any attempt by Defendants to submit their own expert evidence on the motion would have been inconsistent with this governing standard.  Now that the case has progressed beyond the motion to dismiss stage, the Court would be permitted to look behind the mere allegations and assess whether there are any genuinely disputed facts pertaining to the relevant issues.
[5] B.E. Tech. has not agreed that Claim 1 of the '410 Patent is representative for any purpose other than in the context of Defendants' motion to dismiss.  Thus, as a factual matter, Defendants will have to demonstrate that each claim is directed to an abstract idea containing, individually and collectively, conventional limitations.

Nothing has happened in the last few weeks to call into question the Court's finding with respect to the existence of material facts; the same material facts that precluded judgment at the pleading stage are likely to preclude summary judgment following discovery. While Defendants would like yet another chance to attack the Patents-in-suit before having to defend against the merits of Plaintiff's infringement case, Defendants have notably failed to explain how additional expert discovery is likely to *eliminate* the questions of fact this Court just found existed.[6]  Defendants' suggestion that the allegedly "unusual procedural posture" of this case somehow justifies the drastic relief they seek lacks merit.  Courts routinely deny patent eligibility challenges at the pleadings stage based on the existence of questions of fact, without staying all case deadlines, denying Plaintiff an opportunity for fact discovery, and jumping right into summary judgment proceedings on that very question.[7]

Indeed, Defendants' extraordinary proposal does not even provide for fact discovery on the fact-dependent issue of *Alice* step 2, and simply seeks an opportunity to submit expert reports.  Defendants' proposal contains no dates for providing contentions, no dates for document discovery and production, no time for written discovery and no time for fact depositions.  Instead, Defendants intend to first unveil their theories regarding conventionality in an expert report while giving Plaintiff three weeks to prepare a rebuttal expert report without the

---

[6] Defendants' request for a stay appears to be the first in a series.  On the parties' February 25, 2021 meet and confer, Defendants were asked whether they intended to request a pre-institution stay based on the recently filed IPRs.  Defense counsel claimed not to know.  Apparently, Defendants want to wait and see whether the Court will grant their extraordinary request for a stay concerning patent eligibility before taking a position on whether they will be requesting a pre-institution stay.

[7]  Defendants identify one case in support of their extraordinary request: *Location Based Services LLC ("LBS") v. Google LLC*, Case No. 1:18-cv-01587-LPS, Dkt. No 54.  In that case, on the eve of settlement, the parties stipulated to amend a scheduling order after receiving contentions, preliminary discovery and claim construction positions.  Three weeks after the stipulation was entered, and before the passing of any deadline in the stipulated amended schedule, the parties settled.

benefit of any fact discovery.  Oddly, Defendants criticize Plaintiff for not identifying with

particularity what fact discovery it intends to conduct to rebut Defendants' contentions and

evidence of conventionality.  Of course, Defendants bear the burden of proof on this issue.

Despite this, they have provided no contentions regarding conventionality and identified no

factual evidence supporting conventionality that needs to be rebutted.

      Defendants' proposed procedure is not only prejudicially self-serving, it is illogical.  If

Defendants believed an expert report could have eliminated the existing questions of fact,

Defendants simply could have submitted one as part of the extensive motion practice that just

occurred regarding patent eligibility.  Defendants made the tactical decision not to submit an

expert declaration[8] in response to the declaration of Plaintiff's expert with good reason;

questions of fact are not resolved through summary proceedings based on competing expert

declarations.[9]

_____
UNITED STATES DISTRICT JUDGE

---

[8] Defendants argument that they were not permitted to provide an expert declaration in support of their argument that no questions of fact existed with respect to patentability is not true.  Indeed, Defendants had every opportunity to ask the Court to consider extrinsic evidence in the context of the prior proceedings.  However, over Plaintiffs' requests to the contrary, Defendants asked the Court to only consider the evidence and allegations referenced in the pleadings.

[9] Plaintiff advised Defendants that an opposed request for a stay and bifurcated schedule should not be included in a joint proposed scheduling order and that such relief should be requested in a separate motion for a stay which permits the parties to fully address the stay factors for the Court. Defendants nevertheless insisted on including their stay and bifurcation proposal in the joint proposed scheduling order.