# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>    Defendant. | C.A. No. 20-621-GBW<br><br>**JURY TRIAL DEMANDED** |
| B.E. TECHNOLOGY, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | C.A. No. 20-622-GBW<br><br>**JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to the Court's September 21, 2021 Order entering the Parties' Stipulation and [Proposed] Order Staying Case (D.I. 62 in Case No. 20-621, D.I. 60 in Case No. 20-622) pending Inter Partes Review of U.S. Patent Nos. 8,549,410; 8,549,411; and 8,769,440 (collectively the "Patents-in-Suit"), Plaintiff B.E. Technology, LLC ("Plaintiff") and Defendants Google LLC and Twitter Inc. ("Defendants") hereby submit this Joint Status Report.

On September 1, 2022, the United States Patent and Trademark Office ("USPTO") issued final written decisions regarding two Inter Partes Review proceedings ("IPR") involving U.S. Patent No. 8,769,440 ("'440 Patent") filed by Defendants (Trial Nos. IPR2021-00482 and IPR2021-00483). In those IPRs, the USPTO determined that Petitioner had shown by a preponderance of the evidence that claims 1–24 and 26–37 of the '440 Patent are unpatentable, and had not shown by a preponderance of the evidence that claim 25 of the '440 Patent is unpatentable.  On September 7, 2022 the USPTO issued a final written decision regarding an IPR involving U.S. Patent No. 8,549,410 ("'410 Patent") filed by Defendants (Trial No. IPR2021-00484).  In that IPR, the USPTO determined that Petitioner had shown by a preponderance of the evidence that claims 1–19 of the '410 Patent are unpatentable.  On September 9, 2022 the USPTO issued a final written decision regarding an IPR involving U.S. Patent No. 8,549,411 ("'411 Patent") filed by Defendants (Trial No. IPR2021-00485). In that IPR, the USPTO determined that Petitioner had shown by a preponderance of the evidence that claims 1–19 of the '411 Patent are unpatentable.

**Plaintiff's Position:**

Per the September 21, 2021 Order, the stays of these actions are no longer in place as of the date of the issuance of the last of the final written decisions in the above-referenced IPRs, i.e., as of September 9, 2022.  In view of the USPTO's determination that Petitioner failed to

demonstrate by a preponderance of the evidence that claim 25 of the '440 Patent is unpatentable, and the stays are no longer in place, Plaintiff's position is that the present actions should proceed. Plaintiff is considering its appeal options with notices of appeal due next month. Accordingly, Plaintiff requests a scheduling conference to determine a case schedule going forward.

Defendants have indicated they will move for a second stay at least because Defendants intend to appeal Claim 25 of the '440 Patent. Plaintiff intends to oppose that motion at the appropriate time. A potential motion to stay does not obviate the need for a schedule or a scheduling conference. Despite this, Defendants are currently unwilling to engage in scheduling discussions.

**Defendants' Position:**

With the exception of dependent claim 25 of the '440 Patent, the PTAB found that every asserted claim of the three Patents-in-Suit is unpatentable. Plaintiff has indicated that it is considering whether to appeal one or more of the final written decisions. Although the first notice of appeal is due no later than November 3, 2022, Plaintiff has refused to state which patents and/or claims it may appeal. Defendants intend to appeal the PTAB's final written decision as to the one remaining claim. Defendants are prepared to report to the Court shortly after November 3, 2022 on the status of the appeals.

In any case, because the sole remaining claim will be subject to Defendants' appeal and because Plaintiff has suggested that it is considering appealing at least one independent claim from each patent, Defendants intend to file a motion to stay this action pending appeal. A stay will support judicial efficiency, given that any decisions on the appeal(s) may impact the scope of these actions and the parties have not yet taken any depositions or submitted claim

2

construction briefs. Moreover, Plaintiff would not be prejudiced by a stay because it does not sell any products, and the Patents-in-Suit had expired before the Plaintiff filed these actions. It is also Defendants' position that until Defendants' forthcoming motion to stay is determined, any discussion of a schedule for this action would be premature.

Dated: October 13, 2022  BAYARD, P.A.

/s/ Stephen B. Brauerman
Stephen B. Brauerman (No. 4952)
Ronald P. Golden III (No. 6254)
600 North King Street, Suite 400
Wilmington, DE 19801

*Attorneys for Plaintiff B.E. Technology, L.L.C.*

| | |
|---|---|
| OF COUNSEL | RICHARDS, LAYTON & FINGER, P.A. |
| | |
| Sonal N. Mehta | /s/ Kelly E. Farnan |
| Thomas G. Sprankling | Kelly E. Farnan (#4395) |
| WILMER CUTLER PICKERING | One Rodney Square |
|   HALE & DORR LLP | 920 N. King Street |
| 950 Page Mill Road | Wilmington, DE 19801 |
| Palo Alto, CA 94304 | (302) 651-7700 |
| (650) 858-6000 | farnan@rlf.com |
| sonal.mehta@wilmerhale.com | |
| thomas.sprankling@wilmerhale.com | *Attorneys for Defendant Twitter, Inc.* |
| | |
| Nora Q.E. Passamaneck | |
| WILMER CUTLER PICKERING | |
|   HALE & DORR LLP | |
| 1225 17th Street, Suite 2600 | |
| Denver, CO 80202 | |
| (720) 274-3135 | |
| nora.passamaneck@wilmerhale.com | |
| | |
| Caitlin Devereaux | |
| Wilmer Cutler Pickering | |
|   Hale & Dorr LLP | |
| 350 South Grand Avenue, Suite 2400 | |
| Los Angeles, CA 90071 | |
| (213) 443-5300 | |
| caitlin.devereaux@wilmerhale.com | |
| | |
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | */s/ Brian P. Egan* |
| OF COUNSEL | Jack B. Blumenfeld (#1014) |
| | Brian. P. Egan (#6227) |
| Robert A. Van Nest | 1201 North Market Street |
| Eugene M. Paige | P.O. Box 1347 |
| David J. Rosen | Wilmington, DE 19899-1347 |
| Taylor Reeves | (302) 658-9200 |
| KEKER, VAN NEST & PETERS LLP | jblumenfeld@morrisnichols.com |
| 633 Battery Street | began@morrisnichols.com |
| San Francisco, CA 94111-1809 | |
| (415) 391-5400 | *Attorneys for Defendant Google LLC* |

4