IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-621 (GBW) |
| | ) | |
| TWITTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-622 (GBW) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS TWITTER, INC.'S AND GOOGLE LLC'S OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO STAY PENDING APPEAL**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Google LLC*

RICHARDS, LAYTON & FINGER, P.A.
Kelly E. Farnan (#4395)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant Twitter, Inc.*

December 1, 2022

TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................................... 1

II.     NATURE AND STAGE OF PROCEEDINGS ................................................................ 2

III.    ARGUMENT .................................................................................................................. 3

        A.      A stay will clarify the issues and could eliminate the cases in their entirety .......... 3

        B.      The nascent stage of this litigation favors a stay  ................................................... 5

        C.      B.E. Tech will suffer no prejudice if this Court issues a further stay ..................... 5

IV.     CONCLUSION  ............................................................................................................. 6

TABLE OF AUTHORITIES

Page(s)

**Cases**

*B.E. Tech., LLC v. Google LLC*,
    No. 20-622 (D. Del.) ...................................................................................................2

*B.E Tech., LLC v. Twitter, Inc.*,
    No. 20-621 (D. Del.) ...................................................................................................2

*Boston Sci. Corp. v. Cook Grp. Inc.*,
    No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162 (S.D. Ind. June 17, 2019) .........................4

*Dentsply Int'l Inc. v. Kerr Mfg. Co.*,
    734 F. Supp. 656 (D. Del. 1990)...................................................................................3

*Enhanced Sec. Research LLC v. Cisco Sys., Inc.*,
    No. 09-571-JJF, 2010 WL 2573925 (D. Del. June 25, 2010)......................................................6

*Ever Win Int'l Corp. v. RadioShack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012)...............................................................................3, 6

*G.W. Lisk Company, Inc. v. Gits Manufacturing Company*,
    4:17-cv-273-SMR-CFB (S.D. Iowa Dec. 4, 2020) .....................................................4

*In re Ameranth Pat. Litig. Cases*,
    No. 11-cv-1810-DMS-WVG, 2015 WL 12868116 (S.D. Cal. June 4, 2015) .........................4

*Masimo v. Apple Inc.*,
    No. 20-cv-00048-JVS (C.D. Cal. June 23, 2022), D.I. 786...........................................4

*Personal Genomics Taiwan, Inc. v. Pac. Biosciences of Cal., Inc.*,
    No. 19-1810-GBW-MPT, 2022 WL 4245532 (D. Del. Sept. 15, 2022) ...................................5

*Realtime Data LLC v. Silver Peak Sys., Inc.*,
    No. 17-cv-02373-PJH, 2018 WL 3744223 (N.D. Cal. Aug. 7, 2018) .......................................4

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
    No. 10-503-SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010) ...............................................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)....................................................................................5

## I.    INTRODUCTION

Google LLC and Twitter, Inc. (collectively, "Defendants") respectfully move this Court to stay these actions pending the resolution of both Plaintiff B.E. Technology's ("B.E. Tech") appeals and Defendants' cross-appeals to the Federal Circuit of the Patent Trial and Appeal Board's ("PTAB's") recent Final Written Decisions in the *inter partes* review proceedings on the three patents at issue in these cases.

With the exception of a single dependent claim of one patent, the PTAB found that all of B.E. Tech's asserted claims are unpatentable.  Because these cases are at an early stage—neither side has submitted claim construction briefing, no depositions have taken place, and no trial dates have been set—it makes little sense to plow ahead now with litigation in this Court while B.E. Tech urges the Federal Circuit to reverse the PTAB's decisions on all but one of the claims.  If B.E. Tech's appeals are successful, these cases would effectively begin anew.  That would greatly multiply the claims at issue in the cases and require the parties and the Court to confront discovery and substantive issues that are not relevant to the only currently-live claim.  Among other inefficiencies, this would result in the need to redo claim construction, as well as fact and expert discovery.  By the same token, if Defendants were to prevail on their appeal, the cases would effectively be at an end, as the only remaining claim left in the three patents would be canceled.

B.E. Tech will not be prejudiced by a further stay.  All three patents-in-suit expired in 2018, two years before B.E. Tech filed these lawsuits.  B.E. Tech thus cannot seek an injunction against any alleged infringement.  Moreover, B.E. Tech is not a competitor of Twitter or Google.  Rather than prejudicing any party, a further stay would save this Court and the parties from wasting substantial resources litigating issues that could be either eliminated or materially changed by the Federal Circuit's decision on the parties' appeals.

For these reasons, and as explained further below, Defendants respectfully request that this Court stay these proceedings pending resolution of the appeals that each party has taken from the PTAB's Final Written Decisions.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On May 7, 2020, B.E. Tech filed separate complaints against Twitter and Google in this Court.  *See B.E Tech., LLC v. Twitter, Inc.*, No. 20-621 (D. Del.) ("-621"); *B.E. Tech., LLC v. Google LLC*, No. 20-622 (D. Del.) ("-622").[1]  B.E. Tech alleged that certain of Twitter's and Google's online advertising products infringed the same three patents: U.S. Patent Nos. 8,549,410 (the "'410 Patent"), 8,549,411 (the "'411 Patent"), and 8,769,440 (the "'440 Patent") (collectively "the Asserted Patents").  All of the Asserted Patents expired in 2018, and B.E. Tech accordingly only sought damages for past infringement.

In response to Defendants' motion to dismiss, B.E. Tech filed an amended complaint in February 2021. D.I. 34.  Less than two weeks after B.E. Tech served its amended complaint, Defendants filed four IPR petitions, collectively challenging all claims of the Asserted Patents.[2] In September 2021, the PTAB instituted proceedings on each of the four petitions.  Shortly thereafter, the parties stipulated to—and this Court ordered—a stay of all proceedings until the Final Written Decisions in the four IPR proceedings were issued.  D.I. 60.

When the parties agreed to a stay, the cases were at an early stage.  The parties had served initial disclosures, as well as initial infringement and invalidity contentions.  But the parties had not taken any depositions and had not yet exchanged claim construction briefing at the time this Court entered the stay.

---

[1] For ease of reference, Defendants cite only to the -622 docket.

[2] IPR2021-00482, IPR2021-00483, IPR2021-00484, and IPR2021-00485.

In September 2022, the PTAB issued its Final Written Decisions, finding every claim of each patent unpatentable—with the lone exception of dependent claim 25 of the '440 Patent.  On October 13, the parties submitted a Joint Status Report that informed the Court of the outcome of the four IPR petitions.  D.I. 63.  In light of B.E. Tech's indication that it would appeal from the Final Written Decisions and the Defendants' intent to cross-appeal the Final Written Decision as to the one remaining claim, Defendants stated they planned to move for a stay pending resolution of the parties' anticipated cross-appeals.  *Id.* at 2.  B.E. Tech stated that it was still considering its appeal options, and that it would oppose any motion to stay.  *Id.*

On November 2, B.E. Tech filed notices of appeal of the PTAB's Final Written Decisions in all four IPR proceedings. On November 3, Defendants filed notices of cross-appeal concerning IPR2021-00482, in which the PTAB found that claim 25 of the '440 Patent was not unpatentable.

## III.    ARGUMENT

The Court has discretionary authority to grant a motion to stay.  *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990).  Courts consider three factors in deciding whether to stay a case: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Ever Win Int'l Corp. v. RadioShack Corp.*, 902 F. Supp. 2d 503, 505 (D. Del. 2012).  Here, all three factors support further staying these proceedings pending resolution of the parties' appeals of the PTAB's Final Written Decisions.

### A.    A stay will clarify the issues and could eliminate the cases in their entirety.

B.E. Tech's appeal seeks to resuscitate dozens of patent claims that it contends Defendants infringed and Defendants' cross-appeal seeks to eliminate the lone surviving claim.  Because "*both* parties are appealing *all* of the PTAB's decisions adverse to their respective positions," staying

these cases pending appeal would likely eliminate or at least "simplify the issues in question and

trial" of these cases *See Masimo v. Apple Inc.*, No. 20-cv-00048-JVS (C.D. Cal. June 23, 2022),

D.I. 786 at *3, 4–5 (citations omitted and emphasis in original).

If the Federal Circuit were to rule in B.E. Tech's favor. the scope of these cases would be

dramatically transformed.  If the cases are not stayed pending appeal, the Court and the parties

might need to redo significant portions of the litigation in order to explore issues of infringement

and validity relating to patent claims that as of now have been found unpatentable—or, if the

underlying cases are far enough along, hold a second trial on the same underlying technology.

B.E. Tech of course has the right to appeal the PTAB's decisions, but it should not be permitted to

proceed in these cases on a single dependent claim while its appeals over the validity of dozens of

related claims are pending.  *See, e.g., G.W. Lisk Company, Inc. v. Gits Manufacturing Company*,

4:17-cv-273-SMR-CFB (S.D. Iowa Dec. 4, 2020) D.I. 70 at *6 (Staying the case pending the

Federal Circuit's review in view of the fact that "[Plaintiff] itself appeals to overturn the PTAB's

decisions on several fronts. The complexity of the cross-appeals, and the possibility of a mixed

ruling, counsel in favor of a maintaining the stay."); *Realtime Data LLC v. Silver Peak Sys., Inc.*,

No. 17-cv-02373-PJH, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018) ("[W]aiting for the

conclusion of the pending appeals . . . advances the court's and parties' interests in avoiding

unnecessary expenditure of resources."); *In re Ameranth Pat. Litig. Cases*, No. 11-cv-1810-DMS-

WVG, 2015 WL 12868116, at *2 (S.D. Cal. June 4, 2015) ("[I]t makes little sense to have the

parties engage in claim construction discovery and briefing, and for the Court to construe claims,

when the Federal Circuit may undertake that same task in considering the parties' appeals.");

*Boston Sci. Corp. v. Cook Grp. Inc.*, No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162, at *3 (S.D.

Ind. June 17, 2019) (continuing stay pending appeals of IPR in order to "avoid duplicative proceedings" and to "save[] the Court['s] resources").

The scope of these cases would also change dramatically in the event that Defendants prevail on cross-appeal.  If the Federal Circuit reverses the PTAB's Final Written Decision regarding the validity of claim 25 of the '440 patent, B.E. Tech's infringement claims cease to exist.  The Federal Circuit's decision would thus be the "ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

This first factor strongly supports further staying the cases pending the parties' appeals.

### B.       The nascent stage of this litigation favors a stay.

These cases are in their initial stages.  No depositions have been scheduled, no claim construction briefing has occurred, and no *Markman* hearing or trial dates have been set.  DI. 63. Instead, discovery has been limited to the parties' initial disclosures, the parties' initial interrogatory responses, the parties' initial infringement and invalidity contentions, and the joint claim construction chart submitted to the Court.  As this Court recently found (in addressing a case in an even more advanced stage of litigation), this type of procedural posture "weighs in favor of a stay."  *Personal Genomics Taiwan, Inc. v. Pac. Biosciences of Cal., Inc.*, No. 19-1810-GBW-MPT, 2022 WL 4245532, at *2 (D. Del. Sept. 15, 2022) (granting stay where "no depositions ha[d] been taken" and where claim construction briefing was complete but "no *Markman* hearing date ha[d] been set.").

This factor also weighs in favor of further staying the cases.

### C.       B.E. Tech will suffer no prejudice if this Court issues a further stay.

Courts in this district have repeatedly held that a stay is not prejudicial where the parties are not competitors and the requested relief is purely monetary.  *See Personal Genomics*, 2022 WL

4245532, at *2  ("A stay will not unduly prejudice PGI" because "[it] fails to identify a single product that it manufactures" and its "damages, if any, are monetary."); *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, No. 10-503-SLR, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010) ("Since the parties do not compete, this factor favors a stay.").  Furthermore, delay "does not by itself amount to undue prejudice." *Ever Win Int'l Corp.*, 902 F. Supp. 2d at 509 (citations omitted); *Enhanced Sec. Research LLC v. Cisco Sys., Inc.*, No. 09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) ("the Court recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced").

Here, B.E. Tech does not compete with Google or Twitter and is only able to obtain past damages for alleged infringement of its expired patents.  D.I. 34.  Furthermore, there can be no claim of prejudice here as all of the patents at issue expired ***two years prior*** to B.E. Tech filing its complaint.  *Id.*  B.E. Tech cannot reasonably argue that the cases are so urgent that it must go forward now based on one claim, while at the same time urging the Federal Circuit to enter a ruling that would require broad swaths of these cases to essentially be redone.

This factor thus also weighs in favor of a stay.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court stay these actions pending resolution of the parties' appeals to the Federal Circuit.

6

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL
<table>
<tr><td></td><td>Jack B. Blumenfeld (#1014)</td></tr>
</table>

Jack B. Blumenfeld (#1014)
Robert A. Van Nest                 Brian P. Egan (#6227)
Eugene M. Paige                    1201 North Market Street
David J. Rosen                     P.O. Box 1347
Taylor Reeves                      Wilmington, DE  19899
KEKER, VAN NEST & PETERS LLP       (302) 658-9200
633 Battery Street                 jblumenfeld@morrisnichols.com
San Francisco, CA 94111-1809       began@morrisnichols.com
(415) 391-5400

*Attorneys for Defendant Google LLC*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*

OF COUNSEL:
<table>
<tr><td></td><td>Kelly E. Farnan (#4395)</td></tr>
</table>

Kelly E. Farnan (#4395)
Sonal N. Mehta                     One Rodney Square
Thomas G. Sprankling               920 North King Street
WILMER CUTLER PICKERING HALE       Wilmington, DE  19801
    & DORR LLP                     (302) 651-7700
2600 El Camino Real, Suite 400     farnan@rlf.com
Palo Alto, CA  94306
(650) 858-6000

*Attorneys for Defendant Twitter, Inc.*

Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE
    & DORR LLP
1225 17th Street, Suite 2600
Denver, CO  80202
(720) 274-3135


December 1, 2022

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 1, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 1, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Mark Raskin, Esquire<br>Robert Whitman, Esquire<br>Michael DeVincenzo, Esquire<br>Andrea Pacelli, Esquire<br>Charles Wizenfeld, Esquire<br>Elizabeth Long, Esquire<br>KING & WOOD MALLESONS LLP<br>500 5th Avenue, 50th Floor<br>New York, NY  10110<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)