## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| B.E. TECHNOLOGY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | C.A. No. 1:20-cv-00622-GBW <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF B.E. TECHNOLOGY, L.L.C.'S LETTER TO THE HONORABLE GREGORY B. WILLIAMS REGARDING DISCOVERY DISPUTE WITH GOOGLE LLC

Dated: May 1, 2024

OF COUNSEL:

Michael DeVincenzo
Charles Wizenfeld
Andrea Pacelli
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com
andrea.pacelli@us.kwm.com

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff B.E. Technology, L.L.C.*

Dear Judge Williams:

Plaintiff B.E. Technology, L.L.C. ("B.E.") submits this letter-brief to compel Defendant Google LLC ("Google") to provide discovery relating to two of the products accused in B.E.'s infringement contentions, Google AdWords and Google AdSense.  Specifically, B.E. moves to compel requested discovery relating to the display of AdWords and AdSense advertisements on Google Search, Gmail, YouTube, and Google Maps properties.

### Background

This case involves Google's infringement of B.E.'s patented inventions as claimed in U.S. Patent No. 8,769,440 ("the '440 Patent).  The '440 Patent relates to "a method of reactive targeted advertising."  (Ex. 1, '440 Patent, at Abstract.)

B.E.'s initial infringement contentions, served on June 21, 2021, identified Google AdWords and Google AdSense as two of the Accused Products.  (Ex. 2, Initial Infringement Contentions at 2 (06/21/2021).)  More specifically, B.E.'s claim charts explained, based on Google public documents, "Google AdWords … is an online advertising solution that businesses use to promote their products and services on Google Search, YouTube, and other sites across the web." (Ex. 3, '440 Patent claim chart at 13 (06/21/2021).)

In April 2023, the parties agreed to a supplementation of Google's interrogatory responses followed by B.E.'s supplementation of its infringement contentions.  (Ex. 4, Twomey email at 1 (04/21/2023).)  On May 5, 2024, pursuant to that agreement, Google served a supplemental response to B.E.'s Interrogatory No. 1, which requested, "[f]or each targeted advertising product made, used or distributed by [Google] … all names and/or designations used to describe such product."  (Ex. 5, Suppl. Response at 7 (05/05/2021).)  Google's response did not mention any of Google Search, Gmail, YouTube, and Google Maps.  (*Id.* at 8-9.)  B.E.'s amended infringement contentions, served on May 26, 2023, provided further details regarding AdSense, explaining that "AdSense … provides ad space on Google Owned and Operated (O&O) properties (e.g., Gmail, YouTube, Google Finance, Google Maps, Google Play) and on third party web properties."  (Ex. 6, '440 Patent claim chart at 2 (05/26/2023).)

Six months later, on November 15, 2023, B.E.'s counsel reached out to Google's counsel regarding certain deficiencies in Google's production of source code.  (Ex. 7, 01/08/2024 Email chain at 12.)  B.E. requested source code for "components and features identified in B.E.'s contentions includ[ing] … the 'Gmail Ads feature.'"  (*Id.*)  On January 8, 2024, Google, for the first time, informed B.E. that it did not consider Gmail Ads to be an accused product (*Id.* at 1.)

On April 5, 2024 Google revealed a list of what it called "unaccused Google products" including the Google O&O properties: "Google Search Ads, Gmail Ads, YouTube Ads, Google Finance Ads, Google Maps Ads, and Google Play Ads," none of which was identified as a "targeted advertising product" in Google's interrogatory responses. (Ex. 8, Rosen letter at 1 (04/05/2024).)  Google also offered to provide discovery regarding Gmail Ads only, on the condition that B.E. withdraw its demands regarding the other five properties.  (*Id.* at 3.)

The final deadline for identification of Accused Products was April 12, 2024.  (D.I. 86 at 11.)  To avoid any confusion, on that date, B.E. made clear that its allegations with respect to AdWords and AdSense included Google Owned & Operated properties.  B.E.'s final contentions added additional details regarding purportedly "unaccused" web properties, such as Gmail and

1

Google Search, within the constraints of Google's limited document production. (*See* Ex. 10, Final Infringement Contentions at 2, 12–13, 40–42, 99–103, 112, 116–117, 126–127, 163–167, 176–178, 189–191, 194 (04/12/2024).)  B.E. did not provide source code citations for those properties because Google has refused to produce source code regarding them.[1]

The parties met and conferred regarding this dispute on April 17, 2024.  On April 29, 2024, in an effort to resolve this issue without the Court's intervention, B.E. offered to narrow the dispute to four of the six "unaccused" properties: Google Search, Gmail, YouTube, and Google Maps.  (Ex. 11, 05/01/2024 Email chain at 2.)  Google, however, rejected B.E.'s offer to compromise.  (*Id.* at 1.)

**Argument**

The scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering … whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Ev. 26(b)(1).  Here, the relevance of the requested discovery to B.E.'s claims far outweighs any burden to Google in producing it.

The requested discovery is unquestionably relevant to B.E.'s infringement case.  Both Google AdWords and AdSense are the products that provide advertisements on the identified properties, and have been identified as infringing products since this litigation began.  And while there is evidence that all Google advertising products share a large portion of their functionality and infrastructure, the details may vary depending on specific advertising products and specific properties on which the advertisements are shown.  Therefore, the requested information is likely to be highly relevant to B.E.'s infringement case and also to its ability to quantify the importance of the infringement to establish a damages request, and B.E. is entitled to discovery on the AdWords and AdSense accused products.  *See Nielsen Co. (US), LLC v. Tvision Insights, Inc.*, No. CV 21-1592-CJB, 2022 WL 20402682, at *1 (D. Del. Sept. 2, 2022) (granting "discovery of properly-accused products").

Google's stated reason for resisting discovery with respect to some specific features of the accused AdWords and AdSense products does not withstand scrutiny.  Google asserts that Google Search, Gmail, YouTube, and Google Maps are part of an arbitrary group of "unaccused products." (Ex. 8 at 1.)  However, as detailed above, Google has long been on notice of AdWords and AdSense being accused of infringement, and specifically of those products' display of advertisements as part of Google's free services including Google Search, Gmail, YouTube, and Google Maps.  To the extent Google had any doubts at the beginning of the case, Google's O&O properties were expressly identified B.E.'s May 2023 supplemental infringement contentions.  (Ex. 6 at 2.)  Despite this, Google has engaged in self-help, refusing discovery regarding these services.  Google simply buried its head in the sand early in this action without informing B.E. of such unilateral carving out of discovery with respect to certain aspects of the accused AdWords and AdSense products.  It is only because of B.E.'s diligence in inquiring about production of source code that this issue eventually came to light.  Yet, it was not until April 2024 that Google explicitly informed B.E. of its

---

[1] Notably, Google had a similar final deadline three weeks later, on April 2, 2024, for identification of invalidity references.  (D.I. 86 at 11.)  On that date, Google identified a completely new alleged prior art reference not previously identified.  (Ex. 9, Final Invalidity Contentions at 22 (04/02/2024) (identifying "Web Browsers in use by July 1997, including Netscape Navigator 3.04 and Netscape Communicator 4.0").)

withholding of certain discovery with respect to the identified properties that are an integral part of the Accused Products.

Google's position is especially unreasonable in view of its May 5, 2023 supplemental response to B.E.'s Interrogatory No. 1. The parties had agreed that Google would provide that supplemental response exactly to avoid confusion in terminology regarding what is a "product" and what is not. (DeVincenzo Declaration, ¶ 3.) B.E. expressly informed Google of its concern that Google was attempting to avoid discovery based on an unreasonably limited view of AdWord and AdSense. (*Id.*, ¶ 2.) As such, B.E. secured Google's agreement to supplement its response to Interrogatory No. 1 and identify the names it uses for revenue generating targeting advertising products. (*Id.*, ¶ 3.) At that time, Google did not mention any confusion with respect to the particular properties it later decided to carve out. Notably, if Google believed that Google Search, Gmail, YouTube, and Google Maps were separate targeting advertising products, it should have so stated, or indicated as much. Google did no such thing. Instead, Google identified its targeting advertising products generally as AdWord and AdSense. (Ex. 5 at 8–9.) B.E. relied on that representation and reasonably believed that the Google O&O properties were not considered separate "advertising products." As an analogy, the Google O&O properties are similar to a TV show into which commercials are inserted, or a magazine on which advertisements are placed. They are products that offer non-advertising functionality (e.g., web search or free email), like third-party websites (e.g., news sites) on which Google's advertising products (AdWords, AdSense, etc.) place advertisements. The mere fact the Google may account for the targeting advertising revenue as, e.g., Google Search, is irrelevant to whether such revenue is part of AdWords and/or infringement based on AdWords.

In addition, Google has not identified any meaningful burden associated with the requested discovery. Rather, Google has simply stated, without elaboration, that it would not be possible to produce the requested document and deposition discovery prior to the current close of fact discovery because it would be difficult to find witnesses with knowledge during the relevant timeframe for each product. (Ex. 8 at 3.) Google did not explain why it would take nearly two months to identify and present such witnesses, let alone explain why it is still waiting to try and locate such witnesses when the properties are plainly part of B.E.'s operative contentions. Nevertheless, to substantially reduce any burden, B.E. has narrowed this dispute from an initial set of six purportedly "unaccused products" to four, and B.E. explained to Google that it stands ready to work with Google to identify targeted technical discovery. (Ex. 13, Wizenfeld email at 1 (04/18/2024).) When Google's minimal burden is considered in light of the highly relevant nature of the requested information, Google should be compelled to produce the requested discovery. Google has already indicated discovery can be completed with respect to Gmail Ads within the current discovery time frame. (Ex. 11 at 1.) And to the extent Google requires a brief extension of time to complete other discovery, B.E. is willing to discuss such an extension.

In short, Google has improperly engaged in self-help, refused discovery based on vague objections and, when caught, Google now claims there is no time for discovery despite the properties at issue being expressly identified in B.E.'s operative contentions. Google's position is inconsistent with the discovery rules of this Court and improper. To the extent Google was refusing to produce discovery regarding any aspect of the accused AdSense and AdWords products, it was incumbent on Google to inform B.E. instead of hiding behind incomplete discovery responses and vague objections.

/s/ Ronald P. Golden III
Ronald P. Golden III (#6254)


CC: all counsel of record

4