IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-622-GBW |
| | ) | |
| GOOGLE LLC, | ) | ▮▮▮▮▮▮▮▮▮▮ |
| | ) | |
| *Defendant*. | ) | REDACTED - PUBLIC VERSION |

**SPECIAL MASTER MEMORANDUM ORDER**
**RESOLVING PLAINTIFF'S MOTION TO COMPEL (D.I. 211)**

Plaintiff B.E. Technology, L.L.C. ("B.E.") and Google LLC ("Google") wrote to the Court requesting the scheduling of a discovery teleconference regarding B.E.'s motion to compel (1) all source code corresponding to the functional block diagrams identified in B.E.'s November 12, 2024 email to Google, and (2) Google's source code directory file paths to assist the identification of files and directories that have not yet been produced. *See* D.I. 211.

The Court appointed me as Special Master to resolve this dispute and any future discovery disputes. *See* D.I. 216.

After the parties agreed to the procedures for resolving discovery disputes (D.I. 226), B.E. served its Letter Brief in support of its motion to compel. Google responded, opposing the motion. I held a hearing on the matter.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing. I did not, however, consider the unsolicited arguments that counsel for both parties provided in emails sent to me after the hearing.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). Although "source code production is disruptive, expensive, and fraught with monumental opportunities to screw up," there is "no source code exception to the production requirements of Fed. R. Civ. P. 34. And so, *subject to the proportionality and burden considerations* imposed by Fed. R. Civ. P. 26, when a patentee requests source code for one or more accused products, a defendant must produce it." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1595784, at *1 (N.D. Cal. May 4, 2012) (emphasis added).

## DISCUSSION

This case relates to Google's alleged infringement of claim 25 of B.E.'s U.S. Patent No. 8,769,440 (the "'440 patent"), which discloses a method for the request, selection, and display of targeting online advertisements.

Claim 25 depends from Claim 1 of the '440 patent.

   **1**. A method comprising:
      permitting a computer user to access one or more servers via a
         network;
      transferring a copy of software to a computer associated with the
         computer user, the Software being configured to run on the
         computer to display advertising content and record computer usage
         information associated with utilization of the computer, wherein
         the computer usage information includes data regarding one or
         more programs run on the computer;
      determining a unique identifier associated with the computer, wherein
         the identifier uniquely identifies information sent from the
         computer to the one or more servers;
      selecting an advertisement to be displayed on the computer, the
         selection based at least on information associated with the unique
         identifier identifying the computer;
      receiving a request for an advertisement from the computer; and
      providing the selected advertisement for display on the computer in
         response to the request.

**25**. The method of claim **1**, further comprising the step of providing reactive targeting of advertising to the user in real time by selecting and presenting an advertisement based at least in part on user interaction with the computer.

**Procedural History**

Earlier in this case, B.E. moved to compel Google to produce all relevant code relating to the request, selection and display of advertisements for its Owned and Operated Properties. *See* D.I. 178 (redacted version at D.I. 184). The Court, in an oral order, granted the motion on October 4, 2024. *See* D.I. 182.

As noted above, B.E. then moved to compel (1) all source code corresponding to the functional block diagrams identified in B.E.'s November 12, 2024 email to Google, and (2) Google's source code directory file paths to assist the identification of files and directories that have not yet been produced. *See* D.I. 211. When I received B.E.'s letter brief in support of that motion, B.E. added a third category of alleged production deficiencies, namely deficiencies identified in a February 24, 2025 expert declaration attached to the letter brief. I will address each request in turn.

**The November 12, 2024 Email**

B.E. asserts that Google has not yet unequivocally stated that it has produced all code responsive to B.E.'s November 12, 2024 email.

When I questioned counsel for Google, he stated that he thinks Google has produced source code for the modules and that Google is not aware of any additional code it would produce. Counsel admitted that it is not impossible that there could be additional code but that B.E. must articulate what is missing.

I disagree with Google. B.E., in its November 12, 2024 email, provided the module names and the corresponding Bates number of each figure. This is as much detail as B.E. was able to provide. It is Google's responsibility to produce its source code based on B.E.'s requests.

Therefore, I **GRANT** B.E.'s motion to compel all source code corresponding to the functional block diagrams identified in B.E.'s November 12, 2024 email to Google. To the extent that it has not already done so and only for the relevant time period, Google must search for and produce all source code requested by B.E. in the November 12, 2024 email. If Google asserts that the source code has already been produced, it must provide the location of that source code if it has not already done so. If Google asserts that the requested source code did not exist during the relevant time period, it must so state.

**Google's Source Code Directory File Paths**

B.E. requests that I compel Google to identify the subdirectory names within the first four layers of the google3 root directory for the 2014, 2016, and 2018 time periods. It asserts that only with this information will it be able to analyze thousands of file paths to identify alleged missing subdirectories and request further code subdirectories with the specificity Google wants.

Google responds that B.E.'s requested directory list is inappropriate "discovery into discovery." In addition, Google states that the requested list contains almost ▮▮▮▮▮▮▮, running over ▮▮▮▮▮▮▮, just for 2018. Google likens this request for a list of the entire folder structure of a party's central document repository. *See In & Out Welders, Inc. v. H&E Equipment Services, Inc.*, 2018 WL 2147502, at *6 (M.D. La. May 9, 2018) (denying a request for "an accounting of all information within Defendants' 'intranet'" and holding that Plaintiff made no showing that the request "falls within discoverable information").

Google further states that much of the implicated code in these directories is not limited to code for the Owned & Operated Properties accused of infringement, much less to code for the request, selection, and display of advertising in those products. Google also states that many of the subdirectories contain experimental code and code from third parties. Further, even the names of the third-party subdirectories can be sensitive.

B.E. responds that it will narrow its request to carve out the experimental and third-party directories.

But, to "carve out" obviously irrelevant code will require Google to review the names of over ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. I find that B.E.'s request for the subdirectory names within the first four layers of the google3 root directory for the 2014, 2016, and 2018 time periods, even with its proposed carve out, is overbroad, unduly burdensome, and not proportional to the needs of this case. In addition, it goes far beyond the Court's order of October 4, 2024 that ordered Google to produce relevant source code. Therefore, I **DENY with prejudice** B.E.'s motion to compel the subdirectory names. Instead, the parties should meet and confer regarding any future alleged deficiencies in Google's source code production. Google must, however, make a good faith effort to search for and produce all relevant source code as ordered by the Court (D.I. 182).

**Alleged Deficiencies Identified in February 24, 2025 Expert Declaration**

At the hearing to address this discovery dispute, I asked counsel if they had met and conferred regarding this issue as required by the Scheduling Order. *See* D.I. 86 at 6-7. Counsel had not. Therefore, I declined to hear the dispute and ordered counsel to meet and confer regarding this dispute. Of course, counsel may bring this dispute to my attention later if they are unable to resolve it.

**CONCLUSION**

As detailed above, B.E.'s Motion to Compel (1) all source code corresponding to the functional block diagrams identified in B.E.'s November 12, 2024 email to Google, and (2) Google's source code directory file paths (D.I. 211) is **GRANTED IN PART AND DENIED IN PART**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them, except as noted above.

Out of an abundance of caution, I will file the Memorandum Order under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and correspondence explaining why the redactions are necessary must be sent to me by 2 p.m. on Monday, April 7, 2025.

The parties are referred to D.I. 216 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 31st day of March, 2025.

 /s/ Helena C. Rychlicki
Helena C. Rychlicki, Special Master